DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MINGTAI FIRE & MARINE INSURANCE CO. LTD.,

        *Plaintiffs*,

- against -

ORIENT OVERSEAS CONTAINER LINE, LTD.,

        *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



08 Civ. **08 CIV. 1300**

**COMPLAINT**   **JUDGE CHIN**

    Plaintiff Mingtai Fire & Marine Company, Ltd. (hereinafter "Mingtai" or "Plaintiff") by its undersigned attorneys, Maloof Browne & Eagan LLC, for their Complaint allege, upon information and belief, as follows:

    1.    This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 11706), maritime jurisdiction under 28 U.S.C. 1333 and under Rule 9(h) of the F.R.C.P. and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

    2.    Plaintiff Mingtai is an insurance company organized and existing under the laws of a foreign company and is the insurer of the Shipment that is the subject of this action, as more fully described below.

    3.    Defendant Orient Overseas Container Line, Ltd. (hereinafter "OOCL") is a corporation organized and existing under the laws of a foreign country, was and is doing business as

a common carrier of goods by sea and rail for hire, was the delivering rail carrier of the Shipment at issue, has a general agent—Orient Overseas Container Line (USA), Inc.—which is a duly registered New York Corporation, and does business in the State of New York.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391. The defendant resides within this District within the meaning of 28 U.S.C. § 1391(c)

5. On or about June 22, 2007, at the Port of Shanghai in the People's Republic of China, there was shipped by Acer America—Latin America Division and delivered to OOCL and loaded aboard the M/V Duesseldorf Express, a consignment of 2,112 cartons of Notebook Computers, then being in good order and condition, in Container IRNU4005386 (the "Shipment"), as more fully described in a certain bill of lading numbered OOLU3021177570, dated on or about June 22, 2007.

6. The Defendant OOCL accepted the Shipment and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said Shipment to Miami, Florida via sea, rail, and road, and there deliver the Shipment in like good order and condition to Plaintiff's assured and/or designee.

7. All portions of the carriage were part of an international and interstate transportation of goods.

8. Defendant made delivery of the Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and impaired in value, all in violation of Defendant's obligations and duties as a common carrier of merchandise by sea and rail for hire, and to perform its services with respect to the Shipment in a careful, workmanlike manner, and otherwise in violation of its duties.

9. Plaintiff Mingtai insured the Shipment and has incurred, and will incur, losses

as a result of the damage to the Shipment. Plaintiff is duly entitled to maintain this action.

10. Plaintiff and its assured have performed all conditions on their parts to be performed.

11. By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $410,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. §1300 ET. SEQ. AND/OR APPLICABLE TREATIES AS TO THE SHIPMENT

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1-11 above.

13. By reason of the foregoing, Defendant was a common carrier of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, *et seq.*, and/or applicable treaties for the carriage of goods by sea and breached its duties as a carrier under that Act and under the contract of carriage entered into by the Defendant.

14. By reason of the foregoing, Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $410,000.00.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE SHIPMENT

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 14 above.

16. The Defendant, directly or through its employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment that a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as was reasonably required and would be sufficient to prevent the damage to the Shipment.

17. The Shipment suffered loss as alleged herein, as a proximate result of Defendant's said willful, reckless and/or negligent and/or grossly negligent conduct.

18. The Defendant is accordingly liable to Plaintiff in an amount estimated to be or exceed U.S. $410,000.

## THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS AS TO THE SHIPMENT

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 18 above.

20. The Defendant, at relevant times, acted as carrier of goods for hire by sea and rail, and/or bailee of or otherwise had a duty to care for the Shipment at the time it was in its custody. The Defendant thereby, or through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to it, and/or to perform its services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant breached those obligations and negligently failed to deliver to Plaintiff assured's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

21.     By reason of the foregoing, Defendant has caused damage as alleged herein to Plaintiff, and is liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $410,000.00.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE SHIPMENT

22.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 21 above.

23.     By reason of the foregoing, Defendant was a rail carrier within the meaning of the Carmack Amendment and Staggers Rail Act of 1980 and breached its duty of a rail carrier under said law and under the contract of carriage.

24.     By reason of the foregoing, Defendant has caused damage to Plaintiff Sompo America in an amount estimated to be up to and exceeding US $410,000.00.

WHEREOF, Plaintiff prays:

1.     That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs, and the disbursements of this action;

2.     That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
       February 7, 2008

                                      MALOOF BROWNE & EAGAN LLC

By: _____
     David T. Maloof (DM 3350)
     Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
            teagan@maloofandbrowne.com
*Attorneys for Plaintiff*